IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM D. MCRAND, III, | ) | |
| BOP Reg. # 13329--003, | ) | |
|    Petitioner, | ) | |
| | ) | CIVIL ACTION NO. 17-0264-CG |
| v. | ) | |
| | ) | CRIM. ACTION NO. 13-0191-CG-N |
| UNITED STATES OF AMERICA, | ) | |
|    Respondent. | ) | |

## REPORT AND RECOMMENDATION

William Douglas McRand, III ("Petitioner"), a federal prisoner proceeding *pro se*, has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 151) and a separate memorandum in support (Doc. 152).[1] The motion has been referred to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(1) and (2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of these proceedings brought under 28 U.S.C. § 2255, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See* S.D. Ala. GenLR 72(b); (6/14/2017 referral docket notation).

After conducting preliminary review in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the undersigned entered an order setting deadlines for the United States to file a response to the motion, and for

---

[1] All "Doc." citations herein refer to the docket of the above-styled criminal action.

Petitioner to file a reply to the United States' response. (Doc. 153). The United States timely filed a Motion to Dismiss, arguing that Petitioner's § 2255 motion is time barred. (Doc. 154). On August 8, 2017, Petitioner filed his reply. (Doc. 155).

Having reviewed the parties' submissions in accordance with Rule 8 of the Rules Governing Section 2255 Proceedings, the undersigned finds that an evidentiary hearing is not warranted, that the United States' motion to dismiss is due to be **GRANTED**, and that Petitioner's § 2255 motion (Docs. 151-152) is due be **DISMISSED as time barred**. The undersigned further finds that Petitioner is not entitled to a certificate of appealability or to proceed *in forma pauperis* on appeal.

## DISCUSSION

In 2014, after pleading guilty to conspiracy to manufacture methamphetamine, conspiracy to commit money laundering, and possession of a firearm as a convicted felon, Petitioner was sentenced to 292 months in the custody of the Bureau of Prisons. (Doc. 95). He appealed, and his appeal was dismissed after his attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). (Doc. 126). On December 16, 2014, the Court of Appeals entered the final mandate. (Doc. 127). Petitioner did not file a petition for certiorari. Thus, his conviction became final on March 16, 2015, 90 days after the final mandate was issued.[2]

The Anti-terrorism and Effective Death Penalty Act AEDPA imposes a one-year statute of limitations for filing a § 2255 motion. *See* 28 U.S.C. § 2255; *Sandvik*

---

[2] The Eleventh Circuit has explained "that a 'judgment of conviction becomes final' within the meaning of § 2255 as follows: (1) if the prisoner files a timely petition for certiorari, the judgment becomes 'final' on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes "final" on the date on which the defendant's time for filing such a petition expires." *Kaufman v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002).

2

*v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999). For federal prisoners filing § 2255 motions, the statute of limitations runs from the latest of the following trigger dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The instant § 2255 motion was filed on or about June 4, 2017, well past the year deadline (March 16, 2016) from the date Petitioner's conviction became final (March 16, 2015). (Doc. 152 at 22). Thus, his § 2255 motion is untimely pursuant to § 2255(f)(1). However, Petitioner has raised a claim that the limitations period set forth in 28 U.S.C. § 2255(f)(4) should apply to his case.

## I. Applicability of 28 U.S.C. § 2255(f)(4)[3]

Section 2255(f)(4) provides a one year statute of limitations from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner claims that

---

[3] The undersigned has also considered whether Petitioner is entitled to equitable tolling based on the same grounds he raises in favor of application of § 2255(f)(4). As discussed in Section II, Petitioner has not met his burden such that he is entitled to equitable tolling of the applicable statutes of limitations found in § 2255(f).

3

he and his grandfather have the same name, and that a driving under the influence ("DUI") offense for which he erroneously received criminal history points at sentencing was his grandfather's conviction and not his own. (Doc. 152 at 4). Petitioner claims he informed his attorney about the confusion and his attorney failed to investigate this claim or to obtain documents confirming that the conviction belonged to Petitioner's grandfather. As to his second claim, Petitioner argues that his receipt of a two point enhancement, pursuant to U.S.S.G. § 3B1.4 (use of minor enhancement) was erroneous because his son (the minor at issue) was 20 at the time of the offense, and not a minor. His § 2254(f)(4) argument is based on his contention that he did not receive proof supporting these claims until June 2016 and April 2017, respectively. Petitioner's claims are addressed in turn below.

### A. Claim Related to DUI Conviction

Petitioner states that he informed counsel that the DUI conviction listed in his Pre-Sentence Investigation Report (Doc. 91 at 15) was incorrectly attributed to him rather than to his grandfather. He argues that counsel was ineffective for failing to investigate this claim and for failing to object to inclusion of the DUI conviction in Petitioner's criminal history calculation. Petitioner claims § 2255(f)(4), rather than § 2255(f)(1), is applicable here because he did not obtain court records confirming that the DUI conviction belonged to his grandfather, until June 22, 2016, which was approximately three months beyond the § 2255(f)(1) statute of limitations.

In response, the United States argues that § 2255(f)(4) is inapplicable and cites *Madaio v. United States* in support. 397 F. App'x. 568 (11th Cir. 2010).[4] In *Madaio*, the Court of Appeals for the Eleventh Circuit held, "Since Section 2255(f)(4) is predicated on the date that *'facts* supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period." *Id*. at 570.

The United States is correct that Petitioner was aware of the "facts supporting the claim," at or before sentencing, as he informed counsel about the incorrect attribution of the DUI conviction. Under the plain language of the statute the § 2255(f)(4) limitations period is to be calculated from the date upon which "the facts supporting the claim…could have been discovered through the exercise of due diligence." In this case, that date was sometime before Petitioner's sentencing hearing when he first reviewed his presentence investigation report, and at the latest, on the date of Petitioner's February 18, 2014 sentencing hearing. Despite not having what Petitioner refers to as proof of his claim, he was aware of the "facts" underlying his claim prior to sentencing. Thus, the § 2255(f)(4) limitations period is inapplicable.[5]

---

[4] The Court acknowledges that unpublished opinions are persuasive rather than binding authority.

[5] See also *Thomas v. United States,* 2014 WL 4715861, at *4 (N.D. Ala. Sept. 22, 2014)(collecting cases)("The limitations period of § 2255(f)(4) is triggered by the actual or imputed discovery of the important facts underlying a claim, not the defendant's recognition of the legal significance of those facts. *Perez v. United States,* 2014 WL 31326, at *5 n. 10 (S.D.Fla. Jan. 2, 2014); *United States v. Pollard,* 416 F.3d 48, 54–55 (D.C.Cir.2005); *Owens v. Boyd,* 235 F.3d 356, 359–60 (7th Cir.2000)); *accord Madaio v. United States,* 397 F. App'x. 568, 570 (11th Cir.2010) (§ 2255(f)(4)'s reference to 'facts supporting the claim' does not extend to the defendant's discovery of a new judicial opinion articulating a legal principle supporting a claim). Thus, § 2255(f)(4) does not apply to claims based on 'vital facts' that occurred in or prior to the trial court proceedings of which the defendant was or should have been aware in the exercise of due diligence prior to the time that his conviction became

Additionally, even if Petitioner's claim were timely, it is meritless. In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington,* 466 U.S. 668, 686 (1984); *Williams v. Taylor,* 529 U.S. 362, 390 (2000); *Darden v. United States,* 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland,* the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland,* 466 U.S. at 697; *Brown v. United States,* 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley,* 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

Petitioner claims counsel was ineffective for failing to raise objections regarding the DUI conviction, and that he would have received a lower criminal history calculation had this conviction not been erroneously included in his criminal history. Assuming without finding that counsel did not and should have investigated Petitioner's claim, the Court determined that Petitioner is a career offender pursuant to U.S.S.G. §4B1.1(a)-(b) which provides:

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant

---

final. *See Gurley v. Daniels,* 2013 WL 5524141, at *4 (N.D.Ala. Sep. 30, 2013); *Abdullah v. United States,* 2012 WL 4475730, at *2 (M.D.Ala. July 20, 2012) (§ 2255(f)(4) did not apply where 'all of the facts underlying [the defendant's] claim were known-or could have been known-at sentencing.'); *see also United States v. James,* 323 F. App'x 746, 750 n. 1 (11th Cir.2009) (federal prisoner's claims alleging errors in the calculation of federal sentence and disputing the evidence of his guilt would be governed by § 2255(f)(1), not (f)(4)).").

> offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
>
> (b) Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. *A career offender's criminal history category in every case under this subsection shall be Category VI.*

Federal Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing Comm'n 2012)(emphasis added). Thus, even without inclusion of the DUI conviction, Petitioner's criminal history category remains a category VI. (Doc. 91 at 15, ¶ 57). Even if the DUI conviction were omitted from the criminal history calculation, Petitioner's guideline range would not have changed. Accordingly, the claim would not have satisfied the *Strickland* prejudice prong. Counsel is not ineffective for failing to preserve or argue a meritless claim. *Freeman v. Attorney General, Florida,* 536 F.3d 1225, 1233 (11th Cir. 2008); *Lattimore v. United States,* 345 F.App'x. 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *United States v. Winfield,* 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue).

Upon consideration of the foregoing, the undersigned **RECOMMENDS** that the United States' motion to dismiss (Doc. 154) be **GRANTED** as to Petitioner's first claim for relief, as it is untimely pursuant to § 2255(d)(1) and (4).[6]

### B. Claim Related to Minor Role Enhancement

Petitioner next argues he should not have received, and counsel was ineffective for failing to object to, the U.S.S.G. § 3B1.4 use-of-minor two level enhancement at his sentencing. (Doc. 132 at 11). Petitioner contends that his son, the minor at issue for purposes of the enhancement, was 20 years old when Petitioner was indicted, and that counsel failed to investigation this claim. (Doc. 152 at 4). As a result, Petitioner argues that he should not have received the use-of-minor enhancement and his base offense level calculation was inaccurate. (*Id.*). As grounds for the applicability of § 2255(f)(4), Petitioner relies on a birth certificate that it appears he received in April 2017. *Id.* at 20-21, reflecting that his son was not a minor at the time of his offenses.[7] Petitioner argues that the § 2255(f)(4) limitations period applies due to his April 2017 receipt of the birth certificate, and that his June 2017 petition is timely as a result.

Certainly, Petitioner was aware of the age of his own son at sentencing, and admits in an "affidavit" attached to his petition that he informed counsel of this claim before sentencing. (Doc. 152 at 23-24). Thus, Petitioner was aware of the facts underlying his claims in the months leading up to his sentencing hearing and at his

---

[6] None of Petitioner's arguments implicate the limitations periods set forth in 28 U.S.C. § 2255(d)(2)-(3).
[7] Petitioner has included a copy of the envelope in he claims his son's birth certificate was sent to him, which is postmarked April 12, 2017. (Doc. 152 at 21).

8

sentencing hearing. Accordingly, § 2255(f)(4) is inapplicable under the circumstances presented.[8] Upon consideration of the foregoing, the undersigned **RECOMMENDS** that the United States' motion to dismiss (Doc. 154) be **GRANTED** as to Petitioner's second claim for relief, as it is untimely pursuant to § 2255(d)(4).[9]

## II. Equitable Tolling

The Supreme Court has held that the applicable limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida,* 560 U.S. 631, 645 (2010). But the Court has noted "that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," although "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 649, 653 (citation and internal quotations omitted); *see Hunter v. Ferrell,* 587 F.3d 1304, 1308 (11th Cir. 2009) ("[E]quitable tolling is an extraordinary remedy, ... limited to rare and exceptional circumstances and typically applied sparingly.... [It] is available only when a [petitioner] untimely files because of extraordinary circumstances that are both

---

[8] In his enhancement related claim, Petitioner argues that his son was not a minor at the time of the offense or at the time of Petitioner's indictment. However, neither of these time periods are the points in time from which the minor determination was made. The Factual Resume, signed by Petitioner in conjunction with his plea agreement shows that Petitioner admitted, "On at least one occasion while Petitioner was on electronic monitoring and confined to his mother's trailer, Petitioner instructed his ***minor son (age 15)*** to assist him in a methamphetamine sale (an undercover purchase) by delivering the methamphetamine to a specific location and retrieving the money paid by the buyer." (Doc. 63 at 18 emphasis added). Thus, any attempt to argue that Petitioner's son was not a minor for purposes of the minor enhancement would have been foreclosed by the admissions contained in Petitioner's factual resume. As explained more fully with regard to Petitioner's first claim above, counsel is not ineffective for failing to make a meritless objection.

[9] Petitioner's second claim did not implicate the limitations periods set forth in 28 U.S.C. § 2255(d)(1)-(3).

beyond his control and unavoidable even with diligence." (internal quotations omitted)); *Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002) ("In the § 2255 context, equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." (internal quotations omitted)). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308. "To establish diligence, ... [he] must present evidence showing reasonable efforts to timely file his action." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004). Upon consideration, the undersigned does not find that Petitioner has satisfied his burden with regard to extraordinary circumstances and diligence such that he be entitled to equitable tolling of the § 2255(f)(1) limitations period.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 18 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may only issue where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).

When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows…that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").

Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

# APPEAL *IN FORMA PAUPERIS*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C.A. § 1915(a)(3).  A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). *See also Weaver v. Patterson*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568218, at *7 (S.D. Ala. June 19, 2012) (Nelson, M.J.), *report and recommendation adopted*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568093 (S.D. Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed. R. App. P. 24(a)(3)(A); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); *DeSantis v. United Techs, Corp.*, 15 F. Supp. 2d 1285, 1288–89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous').  An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning

that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)."). *But see, e.g., United States v. McCray*, No. 4:07CR20-RH, 2012 WL 1155471, at *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

Considering the foregoing analysis, the undersigned recommends the Court certify that any appeal by Petitioner in this action would be without merit and therefore not taken in good faith and, accordingly, find that Petitioner is not entitled to appeal *in forma pauperis*.

## **CONCLUSION**

For the reasons set forth herein above, it is **RECOMMENDED** that the United States' motion to dismiss (Doc. 154) Petitioner's § 2255 petition **GRANTED** and that the petition (Docs. 151-152) be **DISMISSED** as time-barred. The undersigned further **RECOMMENDS** that Petitioner be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this

document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **20th** day of **March 2018**.

                               */s/Katherine P. Nelson*
                               **KATHERINE P. NELSON**
                               **UNITED STATES MAGISTRATE JUDGE**